UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FELIX PADILLA-CASTANON, | § | |
| Fed. Reg. No. 82247-180, | § | |
| Movant, | § | |
| | § | EP-11-CV-400-FM |
| v. | § | EP-07-CR-044-FM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Felix Padilla-Castanon ("Padilla"), a *pro se* federal prisoner, challenges his conviction for illegal reentry into the United States through a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECF No. 38].[1] Padilla claims his appointed counsel and the Court failed to advise him of the consequences of his guilty plea, law enforcement officials violated his rights under the Vienna Convention,[2] and his conviction was "illegal."[3] Upon reviewing the record, the Court finds that Padilla's motion is untimely and that he is not entitled to equitable tolling.[4] The Court will accordingly dismiss his motion.[5] The Court will

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-07-CR-044-FM.

[2] Vienna Convention on Consular Relations, Apr. 24, 1963, [1970] 21 U.S.T. 77, T.I.A.S. No. 6820. Article 36 provides that if a person detained by a foreign country "so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State" of such detention, and "inform the [detainee] of his righ[t]" to request assistance from the consul of his own state. Art. 36(1)(b), *id.*, at 101.

[3] Mot. to Vacate 4–5.

[4] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and

additionally decline to certify his issues for appeal.

## FACTUAL AND PROCEDURAL HISTORY

Padilla moved with his parents from Mexico to the United States sometime before his fourth birthday, but he never obtained United States citizenship. On May 27, 2005, after serving time in an Illinois prison for a drug trafficking offense, federal authorities removed him from this country. Finding life difficult in Mexico, Padilla decided to return to the United States. On December 18, 2006, a border security camera operator observed Padilla running across the Rio Grande River near the Border Highway in El Paso, Texas. A Border Patrol agent responded and saw Padilla walking down a street with mud covering his pants below the knees. When questioned, Padilla admitted his Mexican citizenship and conceded his previous removal from the United States. A subsequent check of immigration records revealed that Padilla had not obtained permission from the Attorney General or Secretary of Homeland Security to reapply for admission into the United States.

After hearing this evidence, a grand jury sitting in the Western District of Texas, El Paso Division, returned a one-count indictment charging Padilla with unlawfully reentering the United States, in violation of 8 U.S.C. § 1326. Under § 1326(a), the offense was punishable by a maximum term of two years of imprisonment and one year of supervised release. With the indictment, however, the Government filed notice that it would seek an increased penalty, pursuant to § 1326(b)(2), based on the prior conviction. Section 1326(b)(2) triggered an increase

---

2255, they have traditionally been read in pari materia where the context does not indicate that would be improper.").

[5] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

in the statutory maximum imprisonment term from two to twenty years, and a corresponding increase in the statutory maximum supervised release term from one to three years.

Padilla elected to forego trial, appeared before the Court with his appointed counsel, and pleaded guilty to the indictment. The Court accepted Padilla's plea and sentenced him to seventy-one months' imprisonment followed by three years' non-reporting supervised release.

On appeal, Padilla argued that, because the indictment did not allege a prior conviction, the penalty for the offense to which he pleaded guilty was limited to imprisonment for two years and supervised release for one year. Padilla acknowledged that the Supreme Court's opinion in *Almendarez-Torres v. United States*[6] foreclosed his argument but, relying on the more recent decision in *Apprendi v. New Jersey*,[7] raised the argument to preserve it for possible Supreme Court review. In an unpublished opinion, the Fifth Circuit Court of Appeals explained that § 1326(b)(2) was a penalty provision, not a separate criminal offense, and affirmed the Court's judgment.[8]

Mindful of Padilla's *pro se* status, the Court has liberally read his instant § 2255 motion.[9] The Court understands him to assert four grounds for relief. First, he claims his counsel provided ineffective assistance when he failed to advise him of the consequences of his guilty plea.

---

[6] 523 U.S. 224, 235 (1998) ("In sum, we believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense.").

[7] 530 U.S. 466, 487 (2000) (suggesting that *Almendarez-Torres* represents "at best an exceptional departure from the historic practice").

[8] *United States v. Padilla-Castanon*, 259 F.App'x 635 (5th. Cir. 2007) (unpublished), *cert. denied, Caldera-Lastra v. United States*, 552 U.S. 1330 (2008).

[9] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

Second, he contends the Court erred when it failed to advise him, pursuant to the Illinois Code of Criminal Procedure, that his conviction could result in his deportation. Third, he maintains law enforcement personnel violated his rights under the Vienna Convention when they failed to notify Mexican consular officials of his arrest. Finally, he declares his conviction was "illegal."[10]

## LEGAL STANDARD

*A.     Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[11] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[12] Thus, before a court may grant relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."[13]

*B.     Limitations*

Additionally, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a

---

[10] Mot. to Vacate 5.

[11] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[12] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[13] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

one-year limitations period.[14] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[15]

C. *Equitable tolling*

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[16] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[17] It is justified only "in rare and exceptional circumstances."[18] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[19] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[20] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[21]

---

[14] 28 U.S.C.A. § 2255(f) (West 2011).

[15] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[16] *Cf. Holland v. Florida*, -- U.S. --, --,130 S. Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[17] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[18] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[19] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[20] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[21] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[22] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[23] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[24]

With these principles in mind, the Court turns to Padilla's motion.

## ANALYSIS

Padilla does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[25] Padilla objectively knew or should have known the factual predicates for the claims in his motion well within the limitations period.[26] Thus, Padilla's limitations period began to run when his judgment of conviction became final.[27]

---

[22] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[23] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[24] *Cousin*, 310 F.3d at 848.

[25] 28 U.S.C.A. §§ 2255(f)(2)-(3).

[26] *Id.* § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.... [F]ederal statutes use objective indicators as triggers.... Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[27] *Id.* § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

A judgment becomes final when the applicable period for seeking direct review expires.[28] Here, Padilla's conviction became final on April 14, 2008, when the United States Supreme Court denied his petition for a writ of certiorari.[29] Accordingly, Padilla's time period for filing a § 2255 motion expired on April 14, 2009. Padilla constructively filed his instant motion on September 20, 2011, the day on which he signed and presumably placed his motion in the prison mail system.[30] Thus, Padilla filed his motion two years, five months, and seven days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

Padilla offers no explanation for his delay in filing a § 2255 motion. Padilla clearly had an adequate opportunity to prepare and file a timely motion prior to the expiration of the one-year limitations period. He delayed filing his motion nearly two and one-half years beyond the deadline. "[E]quity is not intended for those who sleep on their rights."[31]

Accordingly, the Court concludes that Padilla's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

### EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and

---

[28] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[29] *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

[30] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).

[31] *Covey*, 865 F.2d at 662.

records of the case conclusively show that the defendant is not entitled to relief.[32] The record in this case is adequate to dispose fully and fairly of Padilla's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[33] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[34] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[35] Although Padilla has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[36]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[37] To warrant a grant of the certificate as to claims

---

[32] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[33] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[34] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[35] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[36] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[37] 28 U.S.C.A. § 2253(c)(2).

that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[38] Here, Padilla's motion fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Padilla is not entitled to a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes that Padilla is not entitled to § 2255 relief or a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant Felix Padilla-Castanon's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECF No. 38] is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

2. Movant Felix Padilla-Castanon is **DENIED a CERTIFICATE OF APPEALABILITY.**

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

SIGNED this _____30_____ day of **September 2011.**

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).